UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RICK A. CIMA, SR., Administrator,** : <br> **ESTATE OF RICK A. CIMA, JR.,** : <br> **RICK A. CIMA, SR., JOANNE CIMA** : <br> **and LAUREN CIMA,** : <br>     **Plaintiffs,** : <br> : <br> **v.** : 3:10cv1428 (WWE) <br> : <br> : <br> **PROVIDENCE AND WORCESTER** : <br> **RAILROAD COMPANY,** : <br>     **Defendant.** : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S RENEWED MOTION TO DISMISS

This is a wrongful death action filed by the father of decedent Rick A. Cima, Jr., on behalf of decedent's estate. The amended complaint alleges negligence (count one); public nuisance (count two); and bystander emotional distress (counts three through five) on behalf of decedent's family members, Joanne Cima, decedent's mother, Rick Cima, Sr., decedent's father, and Lauren Cima, decedent's sister. In a decision dated April 11, 2011, this Court held that plaintiffs had not alleged claims of bystander emotional distress to survive a motion to dismiss for failure to state a claim. However, the Court afforded plaintiffs the opportunity to replead such claims. Plaintiffs filed their amended complaint on April 15, 2011.

Defendant Providence and Worcester Railroad Company ("P&W") has filed a motion to dismiss the claims of bystander emotional distress. For the following reasons, the motion will be denied.

1

**BACKGROUND**

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

On September 4, 2009, decedent Rick Cima, Jr., was operating a motor vehicle in Plainfield, Connecticut, driving to his job in Griswold, Connecticut. He approached a railroad highway grade crossing on Lillibridge Road, where the road intersected with railroad tracks owned and operated by P&W. The decedent was killed at 7:45 AM when his vehicle collided with the path of a P&W train.

The decedent's family members heard the accident because they lived 350 feet from the accident site. They arrived at the scene shortly after the accident occurred. Joanne Cima dialed "911" dispatch to seek emergency assistance for her son. Decedent's family members viewed the mangled vehicle and the removal of the body from the vehicle.

**DISCUSSION**

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Bystander Emotional Distress

The complaint asserts bystander emotional distress on behalf of decedent's father, mother and sister. Defendant argues that the claims should be dismissed because plaintiffs have not alleged that they were present when the accident occurred or that they viewed or observed the victim in the manner prescribed by the cause of action.

In <u>Clohessy v. Bachelor</u>, 237 Conn. 31, 34-36 (1996), the Connecticut Supreme Court stated the elements required for bystander emotional distress claims: (1) the bystander must be closely related to the victim; (2) the emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by viewing the victim immediately after the injury causing event if no substantial change has occurred with respect to the victim's location and condition; (3) the injury to the victim must be substantial, resulting in either death or serious injury; and (4) the bystander sustained a serious emotional injury, a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstance. The Connecticut Supreme Court, in declining to expand bystander emotional distress claims to those based on viewing an injured person at a hospital rather than at an accident scene, noted that the "critical factors are the circumstances under which the observation is made" and that it is common sense "that the greater the lapse of time, the less likely it is that the plaintiff will suffer the initial shocking experience of contemporaneous observation of serious injury or the grisly effects thereof." <u>Id.</u> at 53 n.14.

The amended complaint alleges that the Cimas contemporaneously heard the

3

sound of the accident while at home, which is roughly 350 feet from the accident site. Each family member arrived at the scene shortly following the accident, viewed the mangled vehicle, and witnessed decedent's dead body clothed in a body bag being removed from the vehicle. They watched as decedent's body was then placed on a stretcher and loaded into a van.

Taking these allegations as true, the Court finds that the plaintiffs have satisfied the second prong of the Clohessy requirements for bystander emotional distress: (1) The Cimas heard the noise of the crash when the accident occurred, and (2) they arrived on the scene of the accident shortly after its occurrence and saw the decedent's body, although in a body bag, as it was extracted from the vehicle. For purposes of ruling on a motion to dismiss, the Court finds that these allegations suffice to state a claim for bystander emotional distress.

The Court will leave plaintiffs to their proof that they experienced a contemporaneous sensory perception of the accident, or that they viewed the victim immediately after the injury when no substantial change in location or condition of the victim had occurred.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss [#39] is DENIED.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this __19th___ day of August, 2011 at Bridgeport, Connecticut.